UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

MARKEM CORPORATION,

        Plaintiff,

v.

ZIPHER LTD.

and

VIDEOJET TECHNOLOGIES, INC.

        Defendants.

Civil Action No. _____

## COMPLAINT FOR DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff Markem Corporation, by and through the undersigned attorneys, and complains against Defendants Zipher Ltd. and Videojet Technologies, Inc. (collectively "Defendants"), as follows:

### PARTIES

1. Plaintiff Markem Corporation ("Markem") is a corporation organized and existing under the laws of the State of New Hampshire and having a place of business at 150 Congress Street, Keene, New Hampshire 03431.

2. On information and belief, Defendant Zipher Ltd. ("Zipher") is corporation existing under the laws of the United Kingdom, with a principal place of business at 7 Faraday Building, Nottingham Science & Technology Park, University Boulevard, Nottingham NG7 2QP, United Kingdom.

3. On information and belief, Defendant Videojet Technologies, Inc. ("Videojet") is

1

a Delaware corporation having a principal place of business located at 500 Mittel Blvd., Wood Dale, Illinois 60191. On information and belief, Zipher is a subsidiary of Videojet.

## JURISDICTION AND VENUE

4. Markem seeks a judicial declaration that United States Patent No. 7,150,572 ("the '572 Patent"), on information and belief assigned to Zipher and exclusively licensed to Videojet, is invalid, unenforceable, and has not been infringed by Markem or its customers.

5. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and is based upon an actual and justiciable controversy between the parties with respect to the validity, enforceability, and infringement of the '572 Patent. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201 & 2202.

6. This Court has personal jurisdiction over Defendants as *inter alia*, on information and belief, Defendants through Videojet regularly conduct business in New Hampshire, maintain a sales presence in New Hampshire, are registered to do business in New Hampshire, have filed annual reports with the New Hampshire Secretary of State since at least 1988, have appointed an agent for service of process in New Hampshire, and have sued and effected in-hand service of process on Markem in New Hampshire of a Complaint for alleged infringement of the '572 Patent filed in the United States District Court for the Western District of Wisconsin ("the Wisconsin Suit").

7. Venue is proper before this court pursuant to 28 U.S.C. §§ 1391(b), (c) & (d).

## FACTUAL BACKGROUND

8. Markem is in the business of selling thermal transfer printers, including the Markem SmartDate® 5 Coder. Thermal transfer printers are used to print dates, times and barcodes on flexible packaging material.

9. The '572 Patent issued on December 19, 2006, and is entitled "Tape Drive And Printing Apparatus."

10. On December 19, 2006, just over an hour after the '572 Patent issued, Zipher and Videojet filed the Wisconsin Suit.

11. In the Wisconsin Suit, Zipher and Videojet allege that Markem has offered to sell and sold SmartDate®5 Coders in the Western District of Wisconsin.

12. Between the issuance of the '572 Patent and the filing of the Wisconsin Suit, Markem did not sell or offer for sale any SmartDate® 5 Coders anywhere in the United States.

13. Markem maintains, and intends to establish, that the Wisconsin Suit is jurisdictionally flawed and should be dismissed.

14. Through this action, Markem seeks a declaration, in the appropriate forum, of the Parties' respective rights and obligations with regard to the '572 Patent and the SmartDate® 5 Coder.

## COUNT I

### (Declaratory Judgment Regarding Noninfringement of the '572 Patent)

15. Markem incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

16. An actual and justiciable controversy exists between Markem and Defendants over the alleged infringement of the '572 Patent.

17. In the Wisconsin Suit, Defendants allege that the Markem SmartDate® 5 Coder infringes the '572 Patent, and that Markem has contributorily infringed and induced infringement of the '572 Patent.

18. Markem denies infringement. The manufacture, use, sale, offer to sell, and/or

importation of the Markem accused product does not infringe any claim of the '572 Patent. The manufacture, use, sale, offer to sell, and/or importation of the Markem SmartDate® 5 Coder also does not contribute to or induce the infringement of any claim of the '572 Patent; nor has Markem ever contributed to or induced the infringement of any such claim. Markem has the right to make, use, sell, offer to sell, and import the SmartDate® 5 Coder, unhampered and unmolested by Zipher and Videojet.

19. Pursuant to 28 U.S.C. § 2201 et seq., Markem requests a declaration that Markem and its SmartDate® 5 Coder do not infringe any claim of the '572 Patent.

## COUNT II

### (Declaratory Judgment Regarding Invalidity of the '572 Patent)

20. Markem incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

21. An actual and justiciable controversy exists between Markem and Defendants regarding the validity of the '572 Patent.

22. In the Wisconsin Suit, Zipher and Videojet allege that the '572 Patent was "duly and legally issued by the United States Patent And Trademark Office."

23. Markem denies that the '572 Patent was duly and legally issued. The claims of the '572 Patent are invalid for failure to comply with one or more of the following provisions of the Patent Laws of the United States of America: 35 U.S.C. §§ 102, 103, 112 and 116.

24. Pursuant to 28 U.S.C. § 2201 et seq., Markem requests a declaration that all claims of the '572 Patent are invalid.

## COUNT III

### (Declaratory Judgment Regarding Unenforceability of the '572 Patent)

25. Markem incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

26. An actual and justiciable controversy exists between Markem and Defendants regarding the enforceability of the '572 Patent.

27. In the Wisconsin Suit, Zipher and Videojet attempt to enforce the '572 Patent against Markem.

28. Markem denies that the '572 Patent is enforceable against Markem. The '572 Patent is unenforceable against Markem, including for reasons of shop-rights.

29. Pursuant to 28 U.S.C. § 2201 et seq., Markem requests a declaration that the '572 Patent in unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Markem respectfully requests that this Court enter judgment in Markem's favor against Zipher and Videojet, and issue an order:

A. Declaring that neither Markem nor its SmartDate® 5 Coder infringes or has infringed any of the claims of the '572 Patent under any subsection of 35 U.S.C. § 271;

B. Declaring that the claims of the '572 Patent are invalid;

C. Declaring that the '572 Patent is unenforceable;

D. Awarding Markem's costs and attorneys' fees incurred in bringing this action; and;

E. Awarding any such other and further relief as is just and proper.

## JURY DEMAND

Markem hereby demands a trial by jury for all issues so triable.

Dated:  January 5, 2007

Respectfully submitted,

MARKEM CORPORATION

By its attorneys,

/s/ Christopher H.M. Carter
Christopher H.M. Carter, Esq. (Bar No. 12452)
Daniel M. Deschenes, Esq. (Bar No. 14889)
HINCKLEY, ALLEN & SNYDER, LLP
43 North Main Street, 2nd Floor
Concord, NH 03301
Email:  ccarter@haslaw.com
Phone: (603) 225-4334
Fax:    (603) 224-8350

Of Counsel:
Kurt L. Glitzenstein
Fish & Richardson, P.C.
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
Fax: (617) 542-8906