UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**MARKEM CORPORATION,**

      Plaintiff,

vs.

**ZIPHER LTD.**

and

**VIDEOJET TECHNOLOGIES, INC.,**

      Defendants.

Civil Action No. 1:07-cv-00006-SM

JURY DEMANDED

**DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES,
AMENDED COUNTERCLAIM, AND JURY DEMAND**

Defendants Zipher Ltd. ("Zipher") and Videojet Technologies, Inc. ("Videojet"), by and through the undersigned attorneys, hereby answer Plaintiff Markem Corporation's ("Markem's") First Amended Complaint and Demand for Jury Trial ("the Amended Complaint") as follows. To the extent not expressly admitted below, Defendants deny the averments in the Amended Complaint.

**PARTIES**

1.     Defendants Zipher and Videojet admit upon information and belief that Markem is a corporation organized and existing under the laws of the State of New Hampshire and has a place of business at 150 Congress Street, Keene, New Hampshire 03431.

1

2. Defendants admit that Zipher is a corporation existing under the laws of England, with a principal place of business located at 7 Faraday Building, Nottingham Science & Technology Park, University Boulevard, Nottingham NG7 2QP, United Kingdom.

3. Defendants admit that Videojet is a Delaware corporation having a principal place of business located at 1500 Mittel Blvd., Wood Dale, Illinois 60191.

## JURISDICTION AND VENUE

4. With respect to paragraph 4 of the Amended Complaint, Defendants admit that Markem seeks a judicial declaration that United States Patent No. 7,150,572 ("the '572 Patent") is owned by Markem, invalid, unenforceable, and is not and has not been infringed by Markem or its customers. Defendants deny that the '572 patent is owned by Markem, invalid, unenforceable, and has not been infringed and is not being infringed.

5. The statements of paragraph 5 of the Amended Complaint are conclusions of law to which no response is required. Defendants do not contest that Counts III, IV and V of this action arise under the patent laws, or that an actual and justiciable controversy exists between the parties with respect to the ownership, validity, enforceability and infringement of the '572 Patent.

6. Defendants do not contest that they are subject to the personal jurisdiction of this Court. Defendants admit that Videojet regularly conducts business in New Hampshire, filed annual reports with the New Hampshire Secretary of State, has an agent for service of process in New Hampshire, and sued and effected in-hand service of process on Markem in New Hampshire of an Amended Complaint for infringement of the '572 Patent.

7. The statements of paragraph 7 of the Amended Complaint are conclusions of law to which no response is required. Defendants do not contest that venue is proper in this judicial district.

## FACTUAL BACKGROUND

8. Defendants admit the averments of paragraph 8 of the Amended Complaint.

9. Defendants deny the averments of paragraph 9 of the Amended Complaint for lack of knowledge and information sufficient for a belief as to their truth.

10. Defendants admit the averments of paragraph 10 of the Amended Complaint.

11. Paragraph 11 of the Amended Complaint states conclusions of law to which no response is required. Defendants further deny the averments of paragraph 11 for lack of knowledge and information sufficient to form a belief as to their truth.

12. Defendants deny the averments of paragraph 12 of the Amended Complaint.

13. Paragraph 13 of the Amended Complaint states conclusions of law to which no response is required. Defendants further deny the averments of paragraph 13 for lack of knowledge and information sufficient to form a belief as to their truth.

14. Defendants admit that Messrs. Buxton and Hart left Markem Technologies Limited (MTL) in 1999 to form Zipher with others, and that Mr. McNestry left MTL in April 2000 to join Zipher. Defendants deny the remaining averments of paragraph 14 of the Amended Complaint.

15. Defendants admit the averments of paragraph 15 of the Amended Complaint.

16. Paragraph 16 of the Amended Complaint states conclusions of law to which no response is required. Defendants admit the averments of the first sentence of paragraph 16 of the

Amended Complaint.  Defendants deny the remaining averments of paragraph 16 of the Amended Complaint.

17. Paragraph 17 of the Amended Complaint states conclusions of law to which no response is required.  Defendants further deny the averments of paragraph 17 of the Amended Complaint.

18. Defendants admit the averments of paragraph 18 of the Amended Complaint.

19. Defendants admit the averments of paragraph 19 of the Amended Complaint.

20. Defendants admit the averments of paragraph 20 of the Amended Complaint.

21. Defendants deny the averment of paragraph 21 of the Amended Complaint.

22. Defendants admit the averments of paragraph 22 of the Amended Complaint.

23. Paragraph 23 of the Amended Complaint is a characterization of the relief Markem seeks to which no response is required.

## COUNT I
### (Declaratory Judgment Regarding Ownership of the '572 Patent)

24. Defendants incorporate by reference their responses to the allegations of the preceding paragraphs as if fully set forth herein.

25. Paragraph 25 of the Amended Complaint states conclusions of law to which no response is required.  Defendants further deny the averments of paragraph 25.

26. Paragraph 26 of the Amended Complaint states conclusions of law to which no response is required.  Defendants admit that there is an actual and justiciable controversy as averred in paragraph 26.

27. Paragraph 27 of the Amended Complaint states conclusions of law to which no response is required.  Defendants further deny that Markem is entitled to the relief sought by paragraph 27.

## COUNT II
### (Conversion)

28. Defendants incorporate by reference their responses to the allegations of the preceding paragraphs as if fully set forth herein.

29. Paragraph 29 of the Amended Complaint states conclusions of law to which no response is required. Defendants further deny the averments of paragraph 29.

30. Defendants deny the averments of paragraph 30 of the Amended Complaint.

## COUNT III
### (Declaratory Judgment Regarding Noninfringement of the '572 Patent)

31. Defendants incorporate by reference their responses to the allegations of the preceding paragraphs as if fully set forth herein.

32. Defendants admit the averments of paragraph 32 of the Amended Complaint.

33. Defendants admit the averments of paragraph 33 of the Amended Complaint.

34. Defendants admit that Markem denies infringement. Defendants contend that Markem infringes the '572 Patent by at least the manufacture, use, sale, offer to sell and importation of Markem's SmartDate®5 Coder and 18 Series Coder. Defendants deny the remaining averments of paragraph 34 of the Amended Complaint.

35. Defendants admit that Markem requests a declaration that it and its SmartDate®5 Coder and 18 Series Coder do not infringe any claim of the '572 patent. Defendants deny that Markem is entitled to such declaration.

## COUNT IV
### (Declaratory Judgment Regarding Invalidity of the '572 Patent)

36. Defendants incorporate by reference their responses to the allegations of the preceding paragraphs as if fully set forth herein.

37. Defendants admit the averments of paragraph 37 of the Amended Complaint.

38.     Defendants admit the averments of paragraph 38 of the Amended Complaint.

39.     Defendants admit that Markem denies that the '572 patent was duly and legally issued.  Defendants deny the remaining averments of paragraph 39 of the Amended Complaint.

40.     Defendants admit that Markem requests a declaration that all claims of the '572 patent are invalid.  Defendants deny that Markem is entitled to such declaration.

## COUNT V
### (Declaratory Judgment Regarding Unenforceability of the '572 Patent)

41.     Defendants incorporate by reference their responses to the allegations of the preceding paragraphs as if fully set forth herein.

42.     Defendants admit the averments of paragraph 42 of the Amended Complaint.

43.     Defendants admit the averments of paragraph 43 of the Amended Complaint.

44.     Defendants admit that Markem denies that the '572 patent is enforceable against it.  Defendants deny the remaining averments of paragraph 44 of the Amended Complaint and, without limiting in any way that denial, specifically deny that Markem has "shop-rights" to or an ownership interest of any kind in the '572 Patent.

45.     Defendants admit that Markem requests a declaration that the '572 patent is unenforceable.  Defendants deny that Markem is entitled to such declaration.

## DEFENDANTS' AFFIRMATIVE DEFENSES

46.     Markem has failed to state any claim upon which relief can be granted.

47.     Markem is estopped to contest Defendants' ownership and right to assert the '572 Patent.

48.     Markem is estopped to assert a shop-right to use the invention claimed in the '572 Patent.

49.     The claims of the '572 patent are valid and enforceable.

6

50. Markem and those acting in privity with Markem have directly infringed, contributorily infringed, and/or actively induced infringement of the '572 patent, literally or under the doctrine of equivalents, by making, using, importing, offering for sale and/or selling in the United States infringing thermal transfer printers, including the SmartDate®5 Coder and 18 Series Coder.

## DEFENDANTS' AMENDED COUNTERCLAIM
### (As Amended Pursuant to Court's Order of June 28, 2007)

Defendants and Counterclaim Plaintiffs Zipher Ltd. ("Zipher") and Videojet Technologies, Inc. ("Videojet"), by and through the undersigned attorneys submit the following amended counterclaims:

## THE PARTIES, JURISDICTION AND VENUE

1. Counterclaim plaintiff Zipher is a corporation existing under the laws of England, with a principal place of business located at 7 Faraday Building, Nottingham Science & Technology Park, University Boulevard, Nottingham NG7 2QP, United Kingdom.

2. Counterclaim plaintiff Videojet is a Delaware corporation having a principal place of business located at 1500 Mittel Blvd., Wood Dale, Illinois 60191.

3. On information and belief, counterclaim defendant Markem is a corporation existing under the laws of the state of New Hampshire, having its principal place of business at 150 Congress Street, Keene, NH 03431.

4. On information and belief, Markem imports into the United States, offers for sale, sells and/or uses in the United States thermal transfer printers including the Markem SmartDate®5 Coder and 18 Series Coder.

5. On information and belief, Markem imports into the United States, solicits sales and/or sells thermal transfer printers, including, but not limited to, the SmartDate®5 Coder and

18 Series Coder, within this judicial district. On information and belief, Markem as part of its efforts to sell its SmartDate®5 Coder and 18 Series Coder in this judicial district offers to assist its customers in installing, testing, and providing training on such equipment in this judicial district and elsewhere in the United States.

6. This is an action for patent infringement arising under 35 U.S.C. §281. This Court has subject matter jurisdiction over this matter based on 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

8. Markem has purposefully availed itself of this Court's jurisdiction by bringing its complaint for declaratory judgment against Zipher and Videojet in this judicial district.

## ZIPHER'S PATENT IN-SUIT

9. United States Patent No. 7,150,572 ("the '572 patent"), entitled "Tape Drive And Printing Apparatus," was duly and legally issued by the United States Patent and Trademark Office on December 19, 2006.

10. Zipher has been and remains the owner by assignment of the entire right, title, and interest in the '572 patent, including the right to sue for any infringement.

11. Videojet has been granted by Zipher an exclusive license to the '572 Patent.

12. Videojet manufactures, offers for sale and sells in the U.S. thermal transfer printers developed by Zipher and covered by the '572 Patent.

## COUNTERCLAIM
(Infringement of U.S. Patent 7,150,572)

13. Zipher incorporates by reference counterclaim paragraphs 1 through 12 above, as though fully set forth herein.

14. On information and belief, Markem has directly infringed, contributorily infringed, and/or actively induced infringement of the '572 patent – literally and/or under the doctrine of equivalents – by making, using, importing, offering for sale, and/or selling thermal transfer printers in the United States, including, but not limited to, the SmartDate®5 Coder and 18 Series Coder covered by one or more claims of the '572 patent.

15. On information and belief, Markem's infringement of the '572 patent will be deliberate and willful, and such infringement will continue unless Markem is preliminarily and permanently enjoined by this Court.

16. As a consequence of Markem's infringement of the '572 patent, Zipher and Videojet have been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and will continue to suffer irreparable loss and injury.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants Zipher and Videojet pray for a judgment:

A. That Markem's First Amended Complaint be dismissed in its entirety with prejudice;

B. That Markem is not entitled to the relief prayed for in its First Amended Complaint or any relief whatsoever;

C. That United States Patent No. 7,150,572 ('572 Patent) is valid and enforceable;

D. That Zipher is the rightful owner of all right, title and interest in the '572 Patent, and that Videojet is the exclusive licensee of the '572 Patent;

E. That Markem has no ownership or license to the '572 Patent;

F. That Markem and those acting in privity with Markem directly infringe(d), contributorily infringe(d) and/or actively induce(d) infringement of United States Patent No.

7,150,572, literally and/or under the doctrine of equivalents, by making, using, importing, offering for sale, and/or selling in the United States infringing thermal transfer printers, including the SmartDate®5 Coder and 18 Series Coder;

      G.      That, pursuant to 35 U.S.C. § 283, Markem and those acting in privity with Markem be preliminarily and permanently enjoined from infringing the '572 patent;

      H.      Awarding Zipher and Videojet, pursuant to 35 U.S.C. § 284, damages adequate to fully compensate them for Markem's infringement of the '572 patent, but in no event less than a reasonable royalty, together with prejudgment interest, costs and disbursements as fixed by the Court;

      I.      Awarding Zipher and Videojet, pursuant to 35 U.S.C. § 284, increased damages up to three (3) times the amount found or assessed for infringement of the '572 patent by Markem due to the willful and deliberate nature of the infringement;

      J.      That, pursuant to 35 U.S.C. § 285, this is an exceptional case and awarding Zipher and Videojet their reasonable attorneys' fees;

      K.      Such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Zipher and Videojet demand a trial by jury of all issues triable as of right by a jury in this action.

Dated: September 10, 2007                By: /s/ Bryan K. Gould
                                                   Bryan K. Gould, Esq. (Bar No. 8165)
                                                   Philip R. Braley, Esq. (Bar No. 9276)
                                                   BROWN, OLSON & GOULD, P.C.
                                                   Two Delta Drive, Suite 301
                                                   Concord, New Hampshire 03301
                                                   Telephone: (603) 225-9716
                                                   Facsimile:  (603) 225-4760

>Larry S. Nixon, Esq.
>James T. Hosmer, Esq.
>Jeffry H. Nelson, Esq.
>NIXON & VANDERHYE P.C.
>901 North Glebe Road, 11th Floor
>Arlington, Virginia 22203
>Telephone: (703) 816-4000
>Facsimile:  (703) 816-4100
>
>Attorneys for Defendants
>Zipher Ltd. and Videojet Technologies, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2007, the Defendants' Answer to the First Amended Complaint was served electronically on the following persons via ECF:

| | |
|---|---|
| Christopher H.M. Carter | Kurt L. Glitzenstein |
| James T. Hosmer | Sheri Lea Gordon |
| Daniel M. Deschenes | Peter Kirk |
| Barbara L. Dittmar | Jeffry H. Nelson |
| Michael S. Forman | Larry S. Nixon |
| Gordon P. Klancnik | |

Date:  September 10, 2007

>By: /s/ Bryan K. Gould
>Bryan K. Gould, Esq. (Bar No. 8165)
>BROWN, OLSON & GOULD, P.C.
>2 Delta Drive, Suite 301
>Concord, NH 03301
>Telephone (603) 225-9716
>Facsimile (603) 225-4760
>bgould@bowlaw.com