**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


**Markem-Imaje Corporation**

    **v.**                                           Case No. 07-cv-06-PB
                                                Opinion No. 2010 DNH 007
**Zipher Ltd., et al.**


### O R D E R

Markem-Imaje Corporation seeks a declaratory judgment that
it has not infringed a patent held by Zipher Ltd.  Markem's
motion for summary judgment hinges on its proposed construction
of a single claim element.

The claim at issue[1] claims a tape drive that is comprised
of, among other things, a "controller," two "tape spools," and
two "motors."  One element limits the claim to tape drives in
which a controller

> calculates a length of tape to be added or subtracted
> from tape extending between said spools in order to
> maintain tension in said tape between predetermined
> limit values and controls said motors to drive the
> spools to add or subtract the calculated length of tape
> to or from the tape extending between said spools.

(Pl.'s Mem. of Law in Supp. of Mot. for Summ. J., Doc. No. 119-2,
at 4.)

I have previously construed the term "drive" to mean

---

[1]  The claim is described in detail in <u>Markem-Imaje Corp. v.
Zipher Ltd.</u>, No. 07-cv-06-PB, Doc. No. 92 (D.N.H. Aug. 28, 2008).

"rotate" and the term "spools" to mean "more than one spool."
See Markem-Imaje Corp. v. Zipher Ltd., No. 07-cv-06-PB, Doc. No.
92 (D.N.H. Aug. 28, 2008); Markem-Imaje Corp. v. Zipher Ltd., No.
07-cv-06-PB, Doc. No. 117 (D.N.H. Sept. 1, 2009). Relying on
these rulings, Markem argues that the element in question must be
read to limit the claim to tape drives in which both spools are
rotated to achieve each discrete tape tension adjustment.
Although Markem's tape drives rotate both spools during the tape
tension adjustment process, only a single spool is rotated to
achieve each adjustment. If tape tension is too low, the take-up
spool is rotated to decrease the length of tape between the
spools and if tape tension is too high, the supply spool is
rotated to increase the length of tape between the spools. Thus,
Markem argues that its tape drives do not literally infringe the
patent in suit.

Zipher challenges Markem's proposed construction and instead
argues that the claim element should be read to encompass tape
drives such as Markem's in which both spools are rotated in the
tape tension adjustment process, but only a single spool is
rotated to effect each change in tape tension. Zipher argues
that its interpretation must be correct because the patent's
specification states that "if the derived value of [tape tension]
is too high (above a predetermined limit), then a small step
adjustment can be made to either or both of the motors to add a

short section of ribbon to the length of ribbon between the spools."  (Def.'s Ex. A, US Patent '572, Doc. No. 120-2, Col. 22, ll. 17-20) (emphasis added).)  According to Zipher, this statement makes it clear that the claim encompasses tape drives in which discrete tape tension adjustments can be achieved by the rotation of a single spool.

Although I understand Zipher's argument, I cannot reconcile the language it cites in the specification with the language of the claim itself.  As Markem points out, the claim states that the controller "controls said motors to drive the spools to add or subtract the calculated length of tape to or from the tape extending between the said spools."  (Pl.'s Mem. of Law in Supp. of Mot. for Summ. J., Doc. No. 119-2, at 4 (emphasis added).) This use of the definite article suggests that both spools must be rotated to achieve each change in tape length that the controller determines is required to maintain tape tension. Nothing else in either the specification or the prosecution history calls Markem's interpretation of the claim language into question, and I am unwilling to deviate from the plain language of the claim limitation itself simply because of a single reference in the specification.  See Stewart-Warner Corp. v. City of Pontiac, 717 F.2d 269, 277 (6th Cir. 1983) (although patent claims must be interpreted in light of specification, the specification cannot be used to "cover advances clearly not

claimed"). Accordingly, I adopt Markem's proposed construction and determine that it is entitled to summary judgment on the issue of literal infringement.[2]

The parties have also attempted to address Zipher's contention that Markem has infringed the disputed patent under the doctrine of equivalents. Because the parties have not presented their arguments on this issue with sufficient clarity, however, I decline to address this issue at the present time.

Markem's motion for summary judgment (Doc. No. 119) is granted with respect to its contention that it has not literally infringed the patent in suit. In all other respects, its motion is denied without prejudice.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

January 12, 2010

cc:  Daniel Milville Deschenes, Esq.
     Christopher H.M. Carter, Esq.
     Kurt L. Glitzenstein, Esq.
     J. Michael Jakes, Esq.
     Kara F. Stoll, Esq.
     Joyce Craig, Esq.
     Bryan K. Gould, Esq.
     Philip R. Braley, Esq.

---

[2]  Zipher argues in a conclusory fashion that I may not grant summary judgment on the literal infringement issue because material facts remain in genuine dispute. Because it has failed to identify the facts that it claims are in dispute, however, I decline to credit its argument on this point.