IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| MARKEM-IMAJE CORPORATION,<br>Plaintiff,<br><br>v.<br><br>ZIPHER LTD.<br>and<br>VIDEOJET TECHNOLOGIES, INC.,<br>Defendants. | Civil Action No. 1:07-CV-06-PB<br>(Consolidated Action) |

### ORDER ON UNOPPOSED MOTION FOR JUDGMENT OF NONINFRINGEMENT

1. In this patent infringement action, plaintiff Markem-Imaje Corporation ("Markem") seeks a declaratory judgment that it does not infringe claim 1 of U.S. Patent No. 7,150,572 ("the '572 patent"). Markem also seeks a declaratory judgment that claim 1 of the '572 patent is invalid.

2. Defendants Zipher Ltd. and Videojet Technologies, Inc. ("Zipher") assert claim 1 of the '572 patent against Markem. Zipher's Amended Answer and Counterclaim (Dkt. No. 43) accuses Markem's SmartDate 5, SmartDate 5 Advance and Series 18 thermal transfer printers of infringing claim 1 of the '572 patent.

3. On August 28, 2008, the Court issued a Memorandum and Order construing "drive" and "drivable" to mean, respectively, "rotate" and "rotatable." On September 1, 2009, the Court issued an Order construing the term "spools" to mean "more than one spool." On January 12, 2010, the Court granted Markem's motion for summary judgment that it has not

literally infringed the '572 patent. The Court construed the element "controls said motors to drive the spools to add or subtract the calculated length of tape to or from the tape extending between the spools" as limiting the claim to "tape drives in which both spools are rotated to achieve each discrete tape tension adjustment." The Court denied, without prejudice, Markem's motion for summary judgment that it has not infringed the '572 patent under the doctrine of equivalents.

4.   Zipher disagrees with the Court's summary judgment of no literal infringement and its construction of "drive," "drivable," and "controls said motors to drive the spools to add or subtract the calculated length of tape to or from the tape extending between the spools" and intends to appeal those rulings.

5.   Zipher has informed the Court that, based on the Court's construction of "drive," "drivable," and "controls said motors to drive the spools to add or subtract the calculated length of tape to or from the tape extending between the spools," Zipher does not dispute that Markem does not infringe claim 1 of the '572 patent literally or under the doctrine of equivalents.

6.   Accordingly, judgment of noninfringement is hereby entered as to claim 1 of the '572 patent, as construed by this Court.

7.   All remaining claims by Markem, including its claim of invalidity of claim 1 of the '572 patent, are dismissed without prejudice, subject to reinstatement on remand.

SO ORDERED.

March 8, 2010

/s/ Paul Barbadoro
Paul Barbadoro
United States District Judge

cc:   Counsel of Record